```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

| | |
|---|---|
| JANE WHALEY,                         ) | |
|                                      ) | |
|          Plaintiff,                  ) | |
|                                      ) | |
|     v.                               ) | No.  11 C 8443 |
|                                      ) | |
| OMNI CREDIT SERVICES OF              ) | |
| FLORIDA, INC.,                       ) | |
|                                      ) | |
|          Defendant.                  ) | |

## MEMORANDUM ORDER

This Fair Debt Collection Practices Act lawsuit has been brought by Alabama citizen Jane Whaley ("Whaley") against Florida corporation Omni Credit Services of Florida, Inc. ("Omni"). Whaley's Chicago law firm charges that Omni attempted to collect a debt that she owed to Home Shopping Network and persisted in doing so even after the lawyers here directed that such efforts should cease because Whaley's troubled financial circumstances had caused her nonpayment.

It is true that two federal venue provisions, 28 U.S.C. §1391(a) and (b)[1], combine to allow this action to be brought here:  Section 1391(b)(1) permits suit "where any defendant resides," and Section 1391(c) enlarges the concept of corporate residence to embrace "any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  Because Omni has designated CT Corporation System as

---

[1]     All further references to Title 28's provisions will simply take the form "Section--."

its Illinois registered agent, the combination of those provisions places Omni in the crosshairs for suit here.

But that is only part of the story. This Court has long viewed it as an abuse of the system to hale a corporation into the courts in this judicial district when nothing about the claim, except for the location of the lawyers' office and the fact that the law firm has launched communications from that office directed to the out-of-state defendant at its out-of-state location, provides any Illinois nexus at all.

This action would plainly be a prime candidate for a Section 1404(a) transfer. This Court has had occasion to comment in the past that "convenience of counsel" is not one of the relevant criteria under that statute. Whaley's counsel, who have been the targets of like communications from this Court in earlier lawsuits under the same statute, are ordered to provide a written response on or before December 14, 2011 as to why this action should remain in this District Court.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 30, 2011